| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>MOUSTAPHA WALKER,<br><br>                      Petitioner,<br><br>    -against-<br><br>JULIE WOLCOTT,<br>                      Respondent. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _11/15/2021_<br><br><br>21 Civ. 196 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

On June 11, 2020, Petitioner *pro se*, Moustapha Walker, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (the "First Proceeding"). *Walker v. Wolcott*, No. 20 Civ. 4498 (S.D.N.Y. June 11, 2020), ECF No. 1. On September 23, 2020, Respondent, Julie Wolcott, who was also the named respondent in the First Proceeding, filed a motion to dismiss the First Proceeding. First Proceeding, ECF No. 10. On December 3, 2020, Petitioner filed a second petition for a writ of habeas corpus in the United States District Court for the Western District of New York (the "Second Proceeding"). ECF No. 1 at 1. On January 6, 2020, the Second Proceeding was transferred to this district and docketed as a new proceeding. ECF No. 2. On January 21, 2021, the Court issued an order (the "January Order") concluding that the petition in the Second Proceeding was "best construed as a supplemental response" to Respondent's motion to dismiss in the First Proceeding, directing the Clerk of Court to docket it as such, and further directing the Clerk of Court to close the Second Proceeding. ECF No. 4 at 2. On February 1, 2021, Petitioner filed a motion seeking reconsideration of the January Order. Pet. Mot., ECF No. 5 (received and docketed on February 17, 2021). For the reasons stated below, Petitioner's motion for reconsideration is DENIED.

**DISCUSSION**

I.    <u>Standard of Review</u>

When a party appears *pro se*, the Court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest. *Triestman v. Fed. Bur. Of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Despite the solicitude generally offered *pro se* plaintiffs, they are nevertheless "required to inform themselves regarding procedural rules and to comply with them." *Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)).

In deference to Petitioner's *pro se* status, the Court construes his letter as a motion for reconsideration under Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3. Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion," and shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Thus, "to be entitled to . . . reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the court's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid

repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. And motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enf't*, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted).

II. Analysis

Here, Petitioner does not raise any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See* Pet. Mem., ECF No. 5. Petitioner only states that he did not receive a notice of electronic filing of the January Order or of the motion to dismiss in the First Proceeding, and that the Court's decision to construe Petitioner's petition in the Second Proceeding raising identical habeas claims as a supplemental response in the First Proceeding is "inconsistent with due process." Pet. Mem., ECF No. 5 at 2. However, Petitioner does not cite any authority supporting his assertion. Moreover, the Court thoroughly considered—and denied—Petitioner's supplemental response in its decision dismissing the First Proceeding. *See* First Proceeding, ECF No. 25 at 3. Accordingly, there is no basis to conclude that the Court's actions were inconsistent with due process, as Petitioner suggests, or that they constitute clear error or "manifest injustice" to Petitioner.

The Court further finds that service of the January Order on Petitioner was proper, even if he did not receive a notice of electronic filing. The Electronic Case Filing Rules & Instructions for the Southern District of New York require that *pro se* parties "must be served with a paper copy of any electronically filed pleading or other document" in accordance with the Federal Rules of Civil Procedure, and that proof of service must be entered on the docket. *See* U.S. Dist. Ct. for the Southern Dist. of New York, *Electronic Case Filing Rules & Instructions* ¶ 9.2 (Feb. 1, 2021). In accordance with this procedure, the Clerk of Court mailed Petitioner a paper copy of the

3

January Order to his address at Orleans Correctional Facility and filed proof of service on the docket.  1/22/2021 Dkt. Entry.  Even liberally construing Petitioner's claims, he has not contended that service via mail was deficient, and his timely filing of the motion for reconsideration demonstrates that he ultimately did receive notice of the January Order.

The remainder of Petitioner's motion merely rehashes the same arguments contained in the letter the Court had construed to be a supplemental response to Respondent's motion to dismiss in the First Proceeding.  Reconsideration is "not a vehicle for relitigating old issues"— instead, a movant must show that a court previously "overlooked" pertinent factors in reaching a decision.  *Analytical Surveys*, *Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  Therefore, the Court need not consider these arguments again.

## CONCLUSION

Accordingly, Petitioner's motion for reconsideration is DENIED.  Further, as the motion for reconsideration makes no substantial showing of a denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

The Clerk of Court is directed to mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated: November 15, 2021
       New York, New York

                                                  ANALISA TORRES
                                        United States District Judge